# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH A. HERNANDEZ, | Case No. 3:17-cv-00697-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| LeGRAND, *et al.*, | |
| Respondents. | |

This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis*, on his motion (ECF No. 1-2) for appointment of counsel submitted with the petition, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

The Court finds that petitioner is able to pay the filing fee and therefore will deny the pauper application. Petitioner therefore must pay the $5.00 filing fee. As discussed further below, the Court is granting the motion for appointment of counsel also in this order so that appointed counsel can begin investigation of potential claims in this matter with substantial time potentially remaining in the federal limitation period. Petitioner still must pay the $5.00 filing fee in response to this order. If he fails to do so timely, the action will be dismissed for failure to pay the filing fee, the appointment of counsel notwithstanding.

Turning to petitioner's motion for appointment of counsel and initial review, petitioner challenges his Nevada state conviction, pursuant to a guilty plea, of two counts of lewdness with a child under the age of 14 years. He appears to have been sentenced

to two consecutive sentences life with the possibility of parole after 10 years on each sentence. The financial materials submitted with the pauper application reflect that, while petitioner is able to pay the filing fee, he otherwise is financially eligible for the appointment of counsel. The Court finds that appointment of counsel is in the interests of justice taking into account, *inter alia*: (a) the lengthy sentence structure; (b) the number and complexity of the potential claims and procedural issues; (c) the need to assure that petitioner's ability to litigate issues associated with his alleged mental health conditions are not impaired by any such mental health conditions and/or limitations on his access to his prison and other medical records; and (d) the prospect that substantial time may remain in the federal limitation period at the time of filing within which to assert federal claims without reliance upon relation back.[1] The motion for appointment of counsel accordingly will be granted.

It is therefore ordered that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is denied. Petitioner will have thirty (30) days from entry of this order within which to have the filing fee of five dollars ($5.00) sent to the Clerk of Court. Failure to timely comply with this order will result in the dismissal of this action.

It further is ordered that the Clerk file the petition and motion for appointment of counsel, that the motion is granted, and that the Clerk will reflect the grant of the motion when docketing the motion, in a manner consistent with the Clerk's current practice for such matters. The counsel appointed will represent petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

It is further ordered that the Federal Public Defender will be provisionally appointed as counsel and will have thirty (30) days to undertake direct representation of petitioner or to indicate to the Court the office's inability to represent petitioner in these proceedings. If the Federal Public Defender is unable to represent petitioner, the Court then will appoint

---

[1]As noted further, *infra*, however, petitioner at all times remains responsible for calculating the running of the federal limitation period and timely asserting claims.

1 alternate counsel. A deadline for the filing of an amended petition and/or seeking other
2 relief will be set after counsel has entered an appearance. The Court anticipates, given
3 the number of potential claims herein and the associated investigation potentially
4 involved, setting the deadline for approximately one hundred twenty (120) days from entry
5 of the formal order of appointment. Any deadline established and/or any extension thereof
6 will not signify any implied finding of a basis for tolling during the time period established.
7 Petitioner at all times remains responsible for calculating the running of the federal
8 limitation period and timely presenting claims. That is, by setting a deadline to amend the
9 petition and/or by granting any extension thereof, the Court makes no finding or
10 representation that the petition, any amendments thereto, and/or any claims contained
11 therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235
12 (9th Cir. 2013).

It is further ordered, so that the respondents may be electronically served with any papers filed through counsel, that the Clerk add state attorney general Adam P. Laxalt as counsel for respondents and make informal electronic service of this order upon respondents by directing a notice of electronic filing to him. Respondents' counsel must enter a notice of appearance within twenty-one (21) days of entry of this order, but no further response will be required from respondents until further order of the Court.

The Clerk further will send a copy of this order to the Federal Public Defender and the CJA Coordinator for this division.

The Clerk additionally will provide copies of all prior filings herein to both the Attorney General and the Federal Public Defender in a manner consistent with the Clerk's current practice, such as regeneration of notices of electronic filing.

///
///
///
///
///

Finally, the Clerk will provide petitioner two (2) hard copies of this order in proper person. Petitioner must make the necessary arrangements to have a copy of this order attached to the check for the filing fee.

DATED THIS 4th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE