UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOSEPH A. HERNANDEZ, | Case No. 3:17-cv-00697-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| LEGRAND, *et al.*, | |
| Respondents. | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Petitioner Joseph A. Hernandez, a Nevada prisoner who is represented by counsel. Currently before the Court is Respondents' Motion to Dismiss Amended Petition (ECF No. 15). Respondents seek dismissal of the claims asserted in Ground 2 of Hernandez's Amended Petition (ECF No. 14) as unexhausted or procedurally barred. Hernandez has opposed (ECF No. 24), and Respondents have replied (ECF No. 27). For the reasons discussed below, Respondents' motion is denied.

**I.  BACKGROUND**

  **A.  State Procedural History**

Hernandez challenges a conviction and sentence imposed by the state district court for Pershing County, Nevada. In September 2011, Hernandez entered a guilty plea to two counts of lewdness with a child under the age of 14 years. (ECF No. 16-25.) He moved to withdraw his guilty plea; however, the state district court denied his motion. (ECF Nos. 16-31, 16-40.) On March 27, 2012, the state district court entered a judgment of conviction sentencing Hernandez to two consecutive sentences of life with eligibility for parole after ten years. (ECF Nos. 17-1, 17-2.) He appealed. In February 2013, the Nevada Supreme Court affirmed Hernandez's convictions on direct appeal, then issued a remittitur on March 12, 2013. (ECF Nos. 17-12, 17-13.)

Hernandez filed a pro se state post-conviction petition for habeas corpus relief on April 17, 2013. (ECF Nos. 17-17, 17-18.) The state district court appointed counsel, who filed a supplemental petition. (ECF No. 17-31.) The court denied the petition on September 30, 2016. (ECF No. 19-8.) Hernandez appealed. The Nevada Court of Appeals affirmed the state district court's ruling in October 2017. (ECF No. 19-42.) Remittitur issued on November 6, 2017. (ECF No. 19-44.)

**B.    Federal Habeas Proceedings**

In November 2017, Hernandez initiated this federal habeas corpus proceeding pro se. (ECF No. 1.) He also filed a motion for appointment of counsel, which the Court granted. (ECF Nos. 3, 5.) On October 31, 2018, Hernandez filed a counseled, Amended Petition (ECF No. 14), raising the following claims:

**Ground 1**: Mr. Hernandez did not plead guilty knowingly, voluntarily, and intelligently; his plea thus violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution and is void.

**Ground 2**: Trial counsel was ineffective prior to Mr. Hernandez's guilty plea, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, rendering his guilty plea void.

> A. Trial counsel was ineffective for failing to move to suppress Mr. Hernandez's confession to Idaho law enforcement, or otherwise to inform Mr. Hernandez of his ability to do so, before advising Mr. Hernandez to accept a plea offer.
> 
> B. Trial counsel was ineffective for failing to adequately investigate prior to advising Mr. Hernandez to plead guilty.
> 
> C. Trial counsel was ineffective for failing to provide Mr. Hernandez with discovery in a timely fashion, such that he can make a knowing, intelligent, and voluntary decision whether to proceed with a plea.

Respondents move to dismiss Ground 2 as unexhausted or procedurally barred.

///

///

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief'." *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996)). Fair presentation requires a petitioner to present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

In Ground 2, Hernandez alleges three claims of ineffective assistance of counsel ("IAC"). Although Respondents concede that Hernandez raised these claims in his state habeas appeal, they argue Ground 2 is unexhausted in its entirety because he presented the claims in a procedurally improper manner by failing to provide the appellate court with copies of the habeas petitions filed in the state district court. Hernandez counters that his failure to provide the state appellate court with a copy of his state habeas petitions did not deprive the Nevada Court of Appeals of a fair opportunity to consider his claims because he presented the facts and law of his constitutional claim in his appellate brief, and this was all federal law requires for exhaustion. Hernandez maintains that a failure to provide

1 an adequate appellate record does not deprive the state court of a fair opportunity to act
2 on the merits of a claim for the purposes of exhaustion, particularly because the Nevada
3 Rules of Appellate Procedure provide multiple ways for the court to address an appendix's
4 deficiencies.[1] Furthermore, Hernandez argues Ground 2 is exhausted because the
5 Nevada Court of Appeals actually addressed it on the merits. Respondents respond that
6 the Nevada Court of Appeals did not rule on the merits of Hernandez's claims, but merely
7 concluded the district court applied the proper standard to deny his petition.

8 The Court finds that Hernandez has sufficiently exhausted Ground 2. The motion
9 cites no authority—binding or otherwise—supporting Respondents' argument that
10 Hernandez's failure to provide to his state petitions to the Nevada Court of Appeals
11 renders his claim unexhausted. Supreme Court precedent requires habeas petitioners to
12 present their habeas claims to a state court in "a petition or a brief (or a similar document)."
13 *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Castillo*, 399 F.3d at 999 (stating that
14 a petitioner must present his claim "within the four corners of his appellate briefing").
15 Respondents do not contend that Hernandez's appellate briefing was deficient, or that he
16 has fundamentally altered the substance of his federal claims. Because Hernandez
17 sufficiently described the factual and legal basis for his claims in his appellate brief, any
18 deficiency in his appendix did not deny the Nevada Court of Appeals of a fair opportunity
19 to act on his claims. *See, e.g.*, *Boyko v. Parke*, 259 F.3d 781, 789 (7th Cir. 2001) (failure
20 to submit transcript in state proceedings did not render claim unexhausted; transcript did
21 not change the substance of the petitioner's argument, but "merely supplie[d] an additional
22 piece of evidence" supporting the claim); Brian R. Means, Federal Habeas Manual § 9C:33
23 (2019 ed.). Accordingly, Ground 2 is exhausted.

24 ///

---

[1] Hernandez notes that, *inter alia*, the Nevada Court of Appeals could have threatened or imposed sanctions against him or his counsel until they remedied the deficiency in the appellate record. (ECF No. 24 at 6 ) (citing Nev. R. App. 30(g)(2) (stating that the court may impose monetary sanctions when "an appellant's appendix is so inadequate that justice cannot be done without requiring inclusion of documents in the respondent's appendix which should have been in the appellant's appendix, or without the court's independent examination of portions of the original record which should have been in the appellant's appendix")).

4

**III. CONCLUSION**

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 15) is denied in its entirety.

It is further ordered that Respondents must file an answer to the Amended Petition (ECF No. 14) within 60 days of the date of this order. Hernandez will have 30 days from service of the answer within which to file a reply.

DATED THIS 4th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE